UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CALDERON-SILVA, | 1:13-CV-00060 GSA HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. #12] |
| K. HOLLEN, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On March 27, 2013, the Court dismissed the petition with prejudice for lack of subject matter jurisdiction. On April 29, 2013, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

  In his motion, Petitioner claims the undersigned erroneously dismissed the petition for lack of jurisdiction. He cites to May v. Baldwin, 109 F.3d 557 (9th Cir.1997) in support. May lends no support for Petitioner's position insofar as May was a 42 U.S.C. § 1983 action concerning a prisoner's right to free exercise of religion. In fact, May adds support to the Court's finding of a lack of subject matter jurisdiction. The court in May dismissed the petitioner's due process claim "because [the prisoner] has 'no liberty interest in freedom from state action taken within the sentence imposed,' [citation], and the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence." Id., (quoting Sandin v. Conner, 515 U.S. 472, 480 (1995), and citing Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir.1986). As discussed in the order dismissing the petition, Petitioner's challenge to his gang validation concerns the conditions of his confinement and is therefore proper in a § 1983 action, as in May. Petitioner does not show, and the Court does not find, that expungement of the gang validation would shorten his sentence in any respect. Therefore, the case does not lie at the core of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir.2003). Accordingly, the Court is without subject matter jurisdiction in this case. Ramirez, 334 F.3d at 859.

**ORDER**

 IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED.

 IT IS SO ORDERED.

 Dated: **May 7, 2013**    /s/ **Gary S. Austin**
                UNITED STATES MAGISTRATE JUDGE